# APPENDIX  I

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of July 9, 2014, between plaintiff John Giddiens (the "Class Representative") on behalf of himself and the Settlement Class Members on the one hand, and defendant First Advantage LNS Screening Solutions, Inc. f/k/a LexisNexis Screening Solutions, Inc. ("LNSSI") on the other hand.

## RECITALS

WHEREAS, Class Representative is the plaintiff in an action entitled *Giddiens v. LexisNexis Risk Solutions, Inc*., No. 12-CV-02624-LDD, United States District Court, Eastern District of Pennsylvania (the "Action");

WHEREAS, the Action asserts that LNSSI violated various provisions of the Fair Credit Reporting Act ("FCRA") in connection with the provision of employment screening reports about certain consumers that included criminal history information that had been expunged at the time the report was prepared;

WHEREAS, LNSSI denies (a) the allegations and all liability with respect to any and all facts and claims alleged in the Action, (b) that Class Representative and the class he purports to represent have suffered any damage, and (c) that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23;

WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made by and against LNSSI;

WHEREAS, Class Representative and Class Counsel have investigated the facts and law and have engaged in discovery and settlement negotiations relating to the Action, and the Settlement Agreement is a product of sustained, arm's-length negotiations;

WHEREAS, the Parties recognize that the outcome of the Action is uncertain, and that a final resolution through the litigation process could require several more years of protracted adversary litigation and appeals; substantial risk and expense; the distraction and diversion of LNSSI's personnel and resources; and the expense of any possible future litigation raising

1

similar or duplicative claims; and the Parties and their counsel have agreed to resolve the Action as a settlement class action according to the terms of this Settlement Agreement;

NOW THEREFORE, in consideration of the covenants and agreements set forth herein and without (a) any admission or concession on the part of the Class Representative of the lack of merit of the Action whatsoever, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by LNSSI, it is hereby stipulated and agreed by the undersigned, on behalf of the Class Representative, the Settlement Class, and LNSSI, that the Action and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice as to LNSSI, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth herein.

## 1.      Definitions

As used in this Settlement Agreement, the terms set forth in this section in boldface type will have the following meanings:

**1.1      Administrative Costs.**  The sum of all costs incurred by LNSSI in connection with payment to the Settlement Administrator, the Claims Arbitrator, or otherwise in connection with the Settlement Class Notice and administration of the settlement and the Claims Process, including mailing costs.

**1.2      Attorneys' Fees Award.**  The amount awarded by the Court to Class Counsel as attorneys' fees and costs as contemplated by section 5.3.2 hereof.

**1.3      Attorneys' Fees Award Effective Date.**  The last date on which all of the following have occurred:

(a)      The Effective Date has occurred;

(b)      The Court has entered  an order awarding attorneys' fees and costs;  and

2

(c)     Either: (i) thirty-five (35) days have passed after completed service on the parties to the Action and all objectors to the settlement of the Action, if any, of notice of entry of the Court's order awarding attorneys' fees and costs in the Action, and within such time no appeal is taken or extension for such appeal is granted, or (ii) if an appeal is taken with respect to the Court's award of attorneys' fees and costs in the Action, the date when all appellate rights with respect to such award have expired or have been exhausted in such a manner as to affirm the award, and when no further appeals are possible, including review by the United States Supreme Court, and the appellate court has by final order affirmed the Court's award of attorneys' fees and costs in the Action, or has denied review, or the appellant otherwise has exhausted all appellate remedies.

**1.4    Claim Form.**  The document, substantially in the form of Exhibit D to be mailed to Settlement Class Members together with the Settlement Class Notice.

**1.5    Claimant**.  A Settlement Class Member who timely files a Damages Claim.

**1.6    Claims Arbitrator.**  The individual performing the function described in Section 5.2.7 hereof, to be mutually agreed by the parties.

**1.7    Claims Process.**  The process for determining Damages Claims set forth in Section 5 hereof.

**1.8    Class Counsel.**  Francis & Mailman, P.C. and Community Legal Services, Inc.

**1.9    Class Representative or Plaintiff.**  John Giddens.

**1.10    Confidential Information.**  All documents and things provided to Class Counsel by LNSSI during the course of the Action, whether by formal discovery or otherwise, that were designated as confidential.  Notwithstanding the above, neither documents nor information described in this section that were filed in the public record during the course of this Action, unless currently under seal, shall be Confidential Information.

3

**1.11    Court.**  The Honorable Legrome D. Davis, United States District Court Judge, Eastern District of Pennsylvania, or such other judge of the Eastern District of Pennsylvania to whom the Action may hereafter be assigned.

**1.12    Damages Claim.**  A claim for Recoverable Damages under section 5.2 hereof submitted by a Settlement Class Member (i) signed and submitted to the best of the Class Member's knowledge, information, and belief, and under penalty of perjury, (ii) providing all requested information (including any supporting documentation); and (iii) that is received by the Settlement Administrator on or before the date described in section 5.2 hereof.

**1.13    Defendant's Counsel.**  Morrison & Foerster LLP and Hangley Aronchick Segal Pudlin & Schiller.

**1.14    Disputed Damages Claim.**  Any Damages Claim that LNSSI does not accept pursuant to section 5.2.3 hereof and as to which a Claimant does not elect to accept an Automatic Payment in lieu of proceeding with the Claims Process.

**1.15    Effective Date.**  The last date on which all of the following have occurred:

(a)    The Court enters the Final Judgment finally approving the settlement of the Action in a manner substantially consistent with the terms and intent of the Agreement; and

(b)    Either: (i) thirty-five (35) days have passed after completed service on the parties to the Action and all objectors to the settlement of the Action, if any, of notice of entry of the Court's judgment finally approving the settlement of the Action, and within such time no appeal is taken or extension for such appeal is granted, or (ii) if an appeal is taken with respect to the Court's judgment finally approving the settlement of the Action, the date when all appellate rights with respect to the Final Judgment have expired or have been exhausted in such a manner as to affirm the Final Judgment, and when no further appeals are possible, including review by the United States Supreme Court, and the appellate court has by final order affirmed the Court's judgment finally approving the settlement of the Action, or has denied review, or the appellant otherwise has exhausted all appellate remedies.

**1.16**   "**Final Approval**" means the approval of the Settlement Agreement by the Court at or after the Final Fairness Hearing, and entry on the Court's docket of the Final Judgment.

**1.17**   **Final Claims Process Date.**  The last date on which all of the following have occurred:

> (a)   The Claims Arbitrator has issued an award with respect to all Disputed Damages Claims; and

> (b)   The later of either: (i) the time in which to seek judicial review or vacatur of any final ruling by the Claims Arbitrator with respect to all Disputed Damages Claims would have expired without a petition either to review or to vacate such award being filed if, notwithstanding section 5.2.6 hereof, such a right of review or vacatur existed, or (ii), if, notwithstanding section 5.2.6 hereof, judicial review of the award is sought, when the judicial decision(s) thereon have become final. "**Final Fairness Hearing**" means the hearing scheduled pursuant to the order entered by the Court that is described in section 2 hereof.

**1.18**   **Final Judgment.**  The Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court substantially consistent with this Settlement Agreement in the form attached as Exhibit B hereto.

**1.20**   **Parties.**  The Class Representative, on behalf of himself and the Settlement Class Members, and LNSSI.

**1.21**   **Preliminary Approval Order**.  The Order of Preliminary Approval of Settlement substantially in the form attached as Exhibit A hereto.

**1.22**   **Recoverable Damages.**  Pursuant to the procedure set forth in Section 5.2 hereof, an amount equal to the wages proven to have been lost by a Settlement Class Member as a direct result of the inclusion in an employment screening report prepared within two years preceding the filing of this Action by LNSSI of criminal record history that, prior to the date on which the employment screening report was sold by LNSSI to a current or prospective employer, had been

shown as expunged on a "LifeCycle File" report prepared by the Pennsylvania Administrative Office of Courts.  Recoverable Damages shall not include any amount other than lost wages, and shall not include any amount as damages for emotional distress, punitive damages, future damages, lost benefits or other employment rights, consequential or incidental damages or any other category of damages.

1.23    **Released Parties.**  LNSSI and its former, current, and future direct and indirect parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, insurers, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, agents, control persons, advisors, employees, representatives, insurers, consultants, accountants, attorneys and any representative of the above.

1.24    **Individual Settlement Award and Service Payment.**  The one-time payment to the Class Representative for his individual settlement award and service payment for the time and resources he has put into representing the Settlement Class, as set forth in Section 5.3.1 hereof.

1.25    **Settlement Administrator.**  The entity appointed by the Court, pursuant to section 3.3.1 hereof to administer notice to the Settlement Class and distribute settlement payments.

1.26    **Settlement Agreement.**  This agreement, together with all of its exhibits.

1.27    **Settlement Class.**  The class defined in section 3.1.1, as certified by the Court.

1.28    **Settlement Class Members.**  All persons who fall within the Settlement Class.

**1.29    Settlement Class Notice.**  The document to be mailed to the Settlement Class Members pursuant to section 3.3.3 hereof, which shall be substantially in the form of Exhibit C hereto.

**1.30    Settlement Escrow.**  An account established to hold funds advanced by LNSSI under section 5 hereof, and from which amounts due thereunder will be paid.

## 2.    Settlement Procedures

On or before June 27, 2014, Plaintiff shall move the Court for an order substantially in the form of Exhibit A hereto

> (a)    preliminarily approving this Settlement Agreement;
>
> (b)    conditionally certifying the Settlement Class as defined in section 3.1 hereof for settlement purposes only;
>
> (c)    approving the Parties' selection of the Settlement Administrator;
>
> (d)    approving the Settlement Class Notice and the manner of providing it to the Settlement Classes described in section 3.1 hereof;
>
> (e)    approving the Claim Form and the Claims Process described in section 5 hereof;
>
> (f)    approving the Parties' selection of the Claims Arbitrator; and
>
> (g)    setting a Final Fairness Hearing date.

If the Court certifies any class or enters any orders relating to the Class Representative and Class Counsel, such actions shall not be an adjudication of any fact or issue for any purpose other than the effectuation of this Agreement and shall neither be considered as law of the case or res judicata nor shall have collateral estoppel effect in this or any other proceeding.  In the event that Final Approval is not achieved for whatever reason or the Effective Date does not otherwise occur, the Court's orders contemplated by this section shall be null, void, and vacated,

and shall not be used or cited thereafter by any person or entity for any purpose in the Action or otherwise.

## 3.     The Settlement Class and Notice

### 3.1     Settlement Class.

    **3.1.1**   For settlement purposes only, the Parties agree that the Court may certify a settlement class in this Action pursuant to Federal Rule of Civil Procedure 23(b)(3) (the "Settlement Class"), defined as follows:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis employment background screening report that was furnished for an employment purpose within two years preceding the filing of this Action and during its pendency (b) that contained at least one record of criminal history that had been expunged or sealed prior to the date of the employment background screening report, as a result of data from the LifeCycle File developed by the Administrative Office of Pennsylvania Courts not being taken into account in connection with the preparation of the employment background screening report so provided.

    **3.1.2**   Plaintiff shall seek certification of the Settlement Class in connection with his motion for preliminary approval of this settlement.  LNSSI agrees not to contest certification of the conditional Settlement Class but reserves its rights to contest any motion to certify a class for trial.

### 3.2     Decertification of the Settlement Class if Settlement Not Approved.  If the Court does not grant Final Approval of the settlement reflected in this Settlement Agreement, or if the Court awards attorneys' fees and costs in excess of those provided for in section 5.3.2 hereof, the certification of any Settlement Class will be vacated and the Parties will be returned to their positions quo ante with respect to the Action as if the Settlement Agreement had not been entered into.  In the event that Final Approval is not achieved, the Parties agree that (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter

by any person or entity, and (b) the fact of the settlement reflected in this Settlement Agreement, that LNSSI did not oppose the certification of any class under this Settlement Agreement, or that the Court preliminarily approved the certification of any Settlement Class, shall not be used or cited thereafter by any person or entity, including in any contested proceeding relating to the certification of any class.

**3.3** **Notice Plan.**

**3.3.1** **Court Appointment and Retention of Settlement Administrator.** At the Preliminary Approval hearing, the Parties will propose that the Court appoint McGladrey LLP. as Settlement Administrator.  The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the notice plan.  The Settlement Administrator shall administer the provision of notice to the Settlement Classes and the provision of payments contemplated by Section 5 hereof.

**3.3.2** **Preparation and Production of Class Lists.** Within ten (10) days after Preliminary Approval, LNSSI will provide the Settlement Administrator with a list of identified Settlement Class Members, such list being prepared pursuant to the procedures set forth herein. In generating the Class List, LNSSI will use commercially reasonable procedures to search their files to identify each person who, based on the information appearing in those files, falls within the required definition.  To the extent such information was provided to it in connection with the preparation of the employment background screening report that qualifies such Class Member for participation in the Settlement Class, LNSSI shall provide the Settlement Administrator with such Class Member's social security number.  The Settlement Administrator shall confirm the accuracy of such social security numbers through use of the Internal Revenue Service's Taxpayer Identification Number Matching Program ("TIN Matching").  LNSSI and the Settlement Administrator will agree that the Settlement Administrator will maintain the Class

9

List and other information provided to it by or on behalf of LNSSI, including information derived therefrom, in a confidential manner, and that the Settlement Administrator will not provide such Class List or other information to any other person, including Class Counsel and the Class Representative, without the prior written consent of LNSSI.  Should LNSSI subsequently decide to remove a member from the Class List, LNSSI shall immediately provide Class Counsel with the reasons for each proposed removal. Settlement Class Counsel shall then have 10 days to object to such removal.  The parties agree to attempt to resolve any such objections in good faith.

       **3.3.3**   **The Settlement Class Notice.**  Within thirty (30) days after the Court enters Preliminary Approval, the Settlement Administrator will send Settlement Class Notice via U.S. mail, postage prepaid, requesting either forwarding service or change of address service to each Settlement Class Member identified on the Class List along with a Claim Form.  The Settlement Class Notice and Claim Form will be sent to the last known address reflected in the Class List, updated using commercially reasonable procedures, it being understood and agreed that the Settlement Administrator's use of the Accurint® database will be sufficient for this purpose).  For up to forty-five days following the mailing of the Settlement Class Notice, the Settlement Administrator will re-mail the Settlement Class Notice via standard U.S. Mail, postage prepaid, to updated addresses of Settlement Class Members to the extent that it received address change notifications from the U.S. Postal Service.  No later than fifteen (15) days before the Final Fairness Hearing in the Action, the Settlement Administrator will file proof of the mailing of the Settlement Class Notice with the Court.  Neither the Parties nor the Settlement Administrator will have any further obligation to send notice of the Settlement Agreement to any Settlement Class Member.

       **3.3.4**   **Settlement Website.**  The Settlement Administrator will create and maintain a website that will be activated within ten (10) days following entry of the Preliminary

Approval Order.  The Settlement Website will post the Settlement Agreement, the Settlement

Class Notice, , the Preliminary Approval Order, the proposed Final Judgment, and, if not

included in the Preliminary Approval Order, any court order setting a date and time for the Final

Fairness Hearing.  The Settlement Administrator will terminate the Settlement Website on the

date (1) thirty (30) days after the date the last check is issued under this Settlement Agreement or

(2) the date on which the settlement is terminated or otherwise not approved by a court.

    **3.3.5 CAFA Notice.**  LNSSI shall serve any notice of the settlement that meets

the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials not

later than ten days after the filing of this Settlement Agreement with the Court.  LNSSI shall file

with the Court a certification of the date upon which the CAFA Notice was served.

    **3.3.6 Costs.**  LNSSI shall be responsible for the costs associated with the Notice

and Administration Plan and all Administrative Costs, except as otherwise provided for in this

Settlement Agreement, including any required payment of the Claims Arbitrator.

    **3.4  Opt-outs and Objections by Settlement Class Members**.

    **3.4.1 Procedures for Opt-outs.**  Any request to opt out of the Settlement Class

must be in writing and must include the name, address, and telephone number of the person

seeking to opt out and a statement that the person wishes to opt out of such release.  The opt-out

request must be personally signed by the Settlement Class Member who seeks to opt out; no

Settlement Class Member may opt out by having a request to opt out submitted by an actual or

purported agent or attorney acting on behalf of the Settlement Class Member.  No opt-out request

may be made on behalf of a group of Settlement Class Members.  Each Settlement Class

Member who does not submit an opt-out request substantially in compliance with this section

forty-five (45) or more days before the Final Fairness Hearing date specified in the Settlement

Class Notice shall be deemed to participate in the settlement and all releases provided in this

Settlement Agreement.  For purposes of determining timeliness, an opt-out request shall be deemed to have been submitted when postmarked by the postal service or other expedited mail service.  The Settlement Administrator shall provide copies of all requests to opt out to Class Counsel and Defendant's Counsel.  No later than ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall prepare and file with the Court, and serve on LNSSI's counsel, a list of all persons who have timely opted out of the Settlement Class, as compiled by the Settlement Administrator.  At that time, Class Counsel shall also supply its determinations as to whether any request to Opt Out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class Member whose request to Opt Out of the Settlement Class was not submitted on a timely basis.

        **3.4.2    Effect of Opt-outs by Settlement Class Members.**  It is estimated that there are approximately 289 Settlement Class Members.  The Class Representative or Class Counsel may terminate this Settlement Agreement and declare it null and void ab initio if the size of the Settlement Class becomes materially larger than 300 individuals.  If five percent (5%) or more of the combined Settlement Class Members opt out of the release provided for in section 4 hereof, then LNSSI shall have the option to rescind this Settlement Agreement, in which case all of LNSSI's obligations under this Settlement Agreement shall cease to be of any force and effect, and this Agreement shall be rescinded, cancelled, and annulled.  If LNSSI exercises this option, then the Parties shall return to their respective positions in the manner and effect as set forth in section 3.2 hereof.

### 3.4.3   Procedure for Objections.

(a)      Any Settlement Class Member who has not timely opted-out of the settlement and who wishes to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement Agreement, including without limitation the compensation to be paid to Class Counsel, must deliver an objection, in writing, to Class Counsel and Defendant's Counsel and must also file the objection with the Court, no later than forty-five (45) days before the Final Fairness Hearing or as the Court may otherwise direct.

(b)      Written objections must include: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

(c)      If the objection is made through an attorney, the written objection must also include the identity of the Settlement Class Member represented by objector's counsel. No objection may be made on behalf of a group of Settlement Class Members.

(d)      Objectors must also make themselves available for deposition by counsel for the Parties in Philadelphia, Pennsylvania, between the time the objection is filed and the date of the Final Fairness Hearing, and the objection must include the dates when the objector is available for deposition.

(e)      Any Settlement Class Member who files and serves a written objection satisfying the requirements of this section may appear at the Final Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement.

13

Settlement Class Members, or their attorneys, intending to make an appearance at the Final Fairness Hearing must deliver to Class Counsel and Defendant's Counsel and have file-marked by the Court, no later than thirty days before the Final Fairness Hearing or as the Court otherwise may direct, a Notice of Intention to Appear.  The Notice of Intention to Appear must: (i) state how much time the Settlement Class Member anticipates needing to present the objection; (ii) identify, by name, address, telephone number all witnesses the Settlement Class Member proposes to have testify; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

### 4.        Release of Claims

**Release By Settlement Class.**  Upon Final Approval, the Class Representative, each Settlement Class Member who has not opted out of the settlement in accordance with the terms of this Settlement Agreement, and each of their respective, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for any type of relief and statutory or punitive damages predicated on any claim and for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on any federal, state, or local law, statute, regulation, or common law, including all claims for declaratory or injunctive relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Class Representative or any Settlement Class Member ever had, now has or may have in the future resulting from, arising out of or in any way, directly or indirectly, connected with (a) any act, omission, event, incident, matter, dispute, or injury arising from the reporting by LNSSI of any criminal record history that had been expunged at the time

14

LNSSI provided an employment screening report to one of its customers; (b) any acts or omissions that were raised or could have been raised in this Action by any Settlement Class Member, or the report prepared by LNSSI that qualifies the Class Member as a member of the Settlement Class; and, (c) any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in (a) or (b) above.  Nothing contained in this Settlement Agreement releases or affects in any way the individual claims or the claims asserted on behalf of the class against Infinity Staffing Solutions and Lyneer Staffing Solutions in the case of *Giddiens v. Infinity Staffing Solutions*, C.A. No. 13-7115 (E.D. Pa.).

   **4.1    Unknown Claims.**  Class Representative and each Settlement Class Member waive and release any and all provisions, rights, and benefits conferred either (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to sections 4.1 and 4.2. Section 1542 of the California Civil Code reads:

> Section 1542.  <u>General Release, extent</u>.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Class Representative and each Settlement Class Member may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of sections 4.1 and 4.2 hereof, but each of those individuals expressly agrees that, upon entry of the Final Judgment, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to sections 4.1 and 4.2 hereof, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

**4.2     Bar to Future Suits.**  Class Representative and each Settlement Class Member shall be enjoined from prosecuting any proceeding against any Released Party with respect to the conduct, services, fees, charges, acts, or omissions of any Released Party relating to all matters within the scope of the release in this section or actions taken by a Released Party that are authorized or required by this Settlement Agreement or by the Final Judgment, except that those Settlement Class Members who opt out in accordance with this Settlement Agreement will not be bound by the release of legal claims set forth in sections 4.1 and 4.2.  The Court shall retain jurisdiction to enforce the judgment, releases and bar to suits contemplated by this Settlement Agreement.  It is further agreed that the Settlement Agreement and the Final Judgment may be pleaded as a complete defense to any proceeding subject to this section.

## 5.     Settlement Relief

**5.1     Automatic Payment to Settlement Class Members.**

**5.1.1**   The Individual Settlement Payment to each Settlement Class Member who does not opt out of the Settlement Class and who does not file a Damages Claim shall be $1,000.

**5.2     Damages Claims.**  The Individual Settlement Payments of Settlement Class Members who file Damages Claims shall be determined under this paragraph 5.2.

**5.2.1**   Each Settlement Class Member shall be informed in the Settlement Class Notice of the identity of the LNSSI customer to whom Defendant submitted a report and the approximate date of the report.  The Notice also shall inform the Settlement Class that they may consult with Class Counsel, Community Legal Services, Inc. ("CLS"), concerning the member's Damages Claim and that CLS may represent them in the claims process at no charge.

**5.2.2     Submissions of Claim Forms.**  A Settlement Class Member may submit a Claim Form (a) certifying to the best of her knowledge, information, and belief, and under

16

penalty of perjury that the Settlement Class Member lost an employment opportunity as a direct result of the conduct that qualifies that Settlement Class Member to be a member of the Settlement Class; (b) stating the amount of Recoverable Damages claimed; and, (c) providing documentation, if available, or a narrative that supports the claim, including information relating to efforts by the Settlement Class Member to find other employment or to otherwise mitigate any Recoverable Damages.  All Claim Forms must be submitted no later than sixty (60) days after the Final Fairness Hearing (the "Claims Submission Deadline").  For purposes of determining timeliness, a Claim Form (or resubmitted Claim Form) shall be deemed to have been submitted when postmarked by the postal service or other expedited mail service.

> **5.2.3   Review of Claim Forms By The Settlement Administrator.**  The Settlement Administrator shall receive and process all Claim Forms.  The Settlement Administrator shall disallow any Damages Claim that is not substantially completed in full or that is not signed by the Settlement Class Member.  Further, the Settlement Administrator shall disallow any Damages Claim if the claimant is not a member of the Settlement Class.  If the Damages Claim is disallowed for any reason, then the Settlement Administrator, within ten (10) days after the decision to disallow, shall notify the Settlement Class Member by first class mail (with a copy to Class Counsel and Defendant's Counsel) (a) that the claim has been disallowed in whole or in part; and (b) the reason or reasons for such disallowance.  A Claimant may, within fourteen (14) days after mailing of the notice of disallowance, resubmit a disallowed Claim Form, which shall be reviewed by the Claims Administrator as above and either finally allowed or finally disallowed by the Claims Administrator within seven days after receipt of the resubmitted Claim Form.  The Claims Administrator shall notify the Settlement Class Member, Class Counsel, and Defendant's Counsel with respect to any such decision on a resubmitted Claim Form, provided, however, that LNSSI shall at any time have the right to treat any disallowed resubmitted Claim Form as having been allowed notwithstanding the Claims

17

Administrator's disallowance.  Settlement Class Members who fail to submit allowed Claim
Forms will be treated, under paragraph 5.1 hereof, as if they did not submit a Damages Claim.

      **5.2.4   Review of Claims Forms By LNSSI.**  If the Settlement Administrator
determines that the Damages Claim was timely and properly submitted, then the Settlement
Administrator shall, on the day that is fourteen (14) days after the Claims Submission Deadline,
forward copies of any timely and properly submitted Damages Claims and all related documents
to counsel for both Plaintiff and Defendant.  With respect to each Damages Claim submitted,
LNSSI shall notify Class Counsel and the Settlement Administrator within fourteen (14) days
after receipt of such Damages Claim as to whether (a) LNSSI accepts the Damages Claim or (b)
defers resolution of the Damages Claim to binding arbitration in front of the Claims Arbitrator.
In the event that LNSSI defers resolution of a Damages Claim to binding arbitration, LNSSI
shall cause the Claims Administrator to send to Claimant by overnight mail on or before the day
that is fourteen days after such notice a notice that the relevant Damages Claim has been
accepted or that it will proceed to arbitration, and three available dates and times for that
arbitration hearing.

      **5.2.5   Withdrawal of Claims Before Arbitration.**  A Claimant may notify
LNSSI on or before the day of arbitration hearing that such Claimant opts to withdraw the
Damages Claim, and in such case, such Settlement Class Member shall be treated, under
paragraph 5.1 hereof, as if he/she did not submit a Damages Claim.

      **5.2.6   Payment or Compromise of Claims Before Arbitration.**  LNSSI may
notify Claimant on or before the day of arbitration hearing (a) that LNSSI will agree to pay the
Damages Claim, and in such case LNSSI shall be deemed to have accepted the Damages Claim
as described in this section or (b) that LNSSI will agree to pay a portion of the Damages Claim,
in which case the Claimant shall be free to accept such offer in writing to the Claims

Administrator and upon such acceptance LNSSI will be deemed to have accepted the Damages Claim as modified by LNSSI's offer.

### 5.2.7   Arbitration of Claims.

(a)      Each Claimant whose Damages Claim is not accepted by LNSSI and not withdrawn by Claimant will be entitled to an arbitration hearing, which the Claimant can elect to have (i) in person in Philadelphia, Pennsylvania, and at which the Claimant and LNSSI will be entitled to present an oral explanation or argument regarding the merits of the disputed claim (ii) on a written record, or (iii) by telephone.  The Parties will act in good faith to attempt to complete the hearings on or before sixty days following the Effective Date, but in no event more than 120 days following the Effective Date.  The Parties may extend that deadline for good cause, including, but not limited to, the availability of the Claims Arbitrator or counsel for the Parties.  No discovery of any kind shall be permitted in connection with the Claims Process, other than the materials submitted by Claimant in connection with the Claims Process.

(b)      With respect to Disputed Damages Claims, the Claimant may not seek, and the arbitrator lacks jurisdiction to award, compensation for any amount or category of damages other than Recoverable Damages.  In addition, Claimant may not seek, and the arbitrator lacks jurisdiction to award, any amount in excess of the amount sought by the Claimant in his or her Claim made under section 5.2 hereof.  Neither Claimant nor LNSSI shall be entitled to recover from the other any attorneys' fees or other costs incurred in connection with the Claims Hearing or any Damages Claim.

(c)      In order to recover any amounts in connection with a Disputed Damages Claim, a Claimant will be required to establish by a preponderance of the evidence that (i) the Claimant lost an employment opportunity as a direct result of the reporting of an expunged item of criminal history that qualifies them for membership in the Settlement Class

19

and (ii) that the Claimant incurred Recoverable Damages as a result of losing that employment opportunity.  The Claimant also bears the burden of establishing that he or she (i) reasonably attempted to mitigate his or her Recoverable Damages and (ii) did not otherwise obtain alternative employment that reduced or eliminated any Recoverable Damages (which burden can be established through the provision of relevant tax returns showing income received).  Within five business days after the conclusion of the arbitration, the arbitrator will make an award, in writing, stating the amount of Recoverable Damages proven by the Claimant.  If the arbitrator makes an award of less than $500, the award will be deemed to be $500.

(d)     The parties agree that any arbitrated award shall not be deemed final until the Final Claims Process Date.  All arbitrated awards shall be binding and non-appealable.  All arbitrated awards may be confirmed in the Eastern District of Pennsylvania.

**5.2.8   Cap on Damages Claims Awards.**  The total amount payable to Settlement Class Members in the aggregate with respect to Damages Claims shall not exceed $995,000.  In the event that the aggregate of (a) the amounts LNSSI accepts as damage claims under section 5.2.3, (b) the amounts LNSSI pays pursuant to section 5.2.5 and (c) the arbitrator's awards under section 5.2.6 exceeds $995,000, then the settlement payments to each Settlement Class Member whose payments are to be determined under section 5.2 hereof shall be reduced on a pro rata basis such that the total amount of payments to be made by LNSSI under sections 5.2.4, 5.2.6, and 5.2.7 equals $995,000.

**5.3     Other Payments Under the Settlement Agreement.**

**5.3.1   Individual Settlement Award and Service Payment.**  Class Counsel will seek the Court's approval of an Individual Settlement Award and Service Payment, in the Court's discretion, of up to Ten Thousand Dollars ($10,000) for the Class Representative.

LNSSI will not oppose an Individual Settlement Award and Service Payment of up to Ten Thousand Dollars ($10,000) for the Class Representative.

        **5.3.2   Attorneys' Fees, Costs, and Other Expenses.**  No later than ten (10) days in advance of the Final Fairness Hearing, Class Counsel shall make an application to the Court for an award of attorneys' fees, costs, and other expenses, to be paid from the Settlement Escrow in an amount not to exceed $520,000.  The Court's award thereon (the "Attorneys' Fees Award") shall include all fees, costs, and other expenses for all attorneys (and their employees, consultants, experts, and other agents) who performed work in connection with the Action on behalf of the Settlement Class Members.  The Parties shall include in the Settlement Class Notice a reasonable estimate of the amount that Class Counsel will request as the Attorneys' Fee Award. LNSSI will not oppose an application for the payment of attorneys' fees, costs and other expenses up to $520,000.   This agreement with respect to attorneys' fees and expenses was not negotiated until after the substantive relief to the Settlement Class was negotiated and agreed upon.

        **5.4   Funding of Payments Under the Settlement Agreement.**

        (a)   Within five business days of the Effective Date, LNSSI shall remit to the Settlement Administrator for deposit into the Settlement Escrow funds sufficient to pay the amounts payable under section 5.1.1hereof with respect to each Settlement Class Member who does not opt out of the Settlement Class and who does not file a Damages Claim, and section 5.3.1 with respect to the Class Representative.

        (b)   Within fifteen days of the later of (i) the Attorneys' Fees Award Effective Date and (ii) the date on which all Class Counsel have provided completed W-9 forms, LNSSI shall remit to the Settlement Administrator for deposit into the Settlement Escrow funds sufficient to pay the amounts payable under section 5.3.2 hereof.

(c)      Within fifteen days of the Final Claims Process Date, LNSSI shall remit to the Settlement Administrator for deposit into the Settlement Escrow funds sufficient to pay the amounts payable under section 5.2 hereof with respect to each Settlement Class Member.

**5.5      Disbursements by the Settlement Administrator.**  Each of the payments due under section 5.1, 5.2, and 5.3 hereof shall be made by the Settlement Administrator within ten (10) business days after the relevant funding of the Settlement Escrow pursuant to section 5.4 hereof, provided, however, that the Settlement Administrator may withhold amounts with respect to any such payment as provided for by law with respect to any Settlement Class Member for whom TIN Matching does not result in a match or for whom a TIN number is otherwise unavailable.

**5.6      Administrative Costs.**  The Settlement Administrator shall provide an accounting of the Settlement Escrow account 150 days after the Effective Date.  Either of the Parties may dispute that accounting with the Court.  Any amounts remaining in the Settlement Escrow 225 days after the Effective Date, up to the amount of Administrative Costs, shall be paid to LNSSI.

**5.7      *Cy Pres* Distributions.**  If any money remains in the Escrow Account after reimbursing LNSSI for the Administrative Costs, the Parties shall jointly propose to the Court, in an exercise of its continuing discretion, that (a) one-half of the remaining funds shall be paid to the San Jose State University Record Clearance Project, Margaret Stevenson, Project Director (www.sjsu.edu/justicestudies/programs-events/rcp/index.html) and (b) one-half of the remaining funds shall be paid to a *cy pres* recipient identified by LNSSI.  Class Counsel and LNSSI may choose only *cy pres* recipients that are non-profit organizations or institutions organized for the purpose of supporting activities relating to the accuracy, privacy or security of personal information; provided, however, that such grants must stipulate that the grant amounts may not be used in furtherance of litigation.

22

### 6.      Dismissal of the Action

The Class Representative, on behalf of himself and the Settlement Class Members consents to the dismissal of this Action with prejudice.  The Parties hereby stipulate to the entry of the Final Judgment in a form substantially the same as Exhibit B following Final Approval of the Settlement Agreement by the Court.

### 7.      Return of Confidential Information and Other Discovery

Class Counsel, on behalf of themselves and their expert witnesses and consultants as well as others retained by them, acknowledge that during the course of this Action, they have received Confidential Information.  No later than thirty (30) days after the Effective Date, Class Counsel will return to LNSSI all Confidential Information and will certify under oath that they and their expert witnesses and consultants do not retain any copies or summaries or compilations or indices of such information.  Within the same time period, Class Counsel will identify for LNSSI the expert witnesses, outside consultants, and any other individuals or entities to whom Confidential Information was given, and will advise those persons of this requirement and will ensure their compliance with it.  This provision is not intended to cover work product of Class Counsel but is intended to cover Confidential Information that might simply be attached to any work product.  Class Counsel also will not use any of the Confidential Information learned or obtained in this Action for any purpose after the Effective Date.

### 8.      Non-Disparagement

Class Counsel and the Class Representative agree to refrain from disparaging Defendant and its parent companies, subsidiaries, affiliates, successors or assigns with respect to any issue related to this case.  Class Counsel and the Class Representative agree to refrain from taking any action designed to harm the public perception of Defendant and its parent companies,

23

subsidiaries, affiliates, successors or assigns regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction. Defendant agrees to refrain from disparaging the Class Representative or Class Counsel publicly or in the media regarding any issue related to this case.  Failure to abide by this provision will constitute a breach of this Settlement Agreement.  The Parties will negotiate and agree upon any language that may be used in press releases or other formal public statements.  This prohibition shall not prevent CLS from fulfilling its mission and taking public positions that it needs to take.

### 9.      Notices

Any communication, verification, or notice sent by any Party in connection with this Settlement Agreement shall be effected by personal delivery, regular first class mail, facsimile and/or overnight courier as follows:

**To Plaintiffs:**

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Sharon M. Dietrich
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA  19102

**To Defendant:**

LexisNexis Group
c/o Nancy Nash, Esq.
Vice President & Deputy General Counsel
9443 Springboro Pike
Miamisburg OH  45342
Fax: (937) 865-1211

**With copies to:**

Michael B. Miller
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019-9601

### 10.      Miscellaneous

**10.1     Entire Agreement.**  This Settlement Agreement along with the attached exhibits contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Settlement Agreement.

**10.2     No Liability.**  This Settlement Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either party as to the merits, validity, or accuracy, or lack thereof, of any of the allegations or claims in this Action.  This Settlement Agreement does not constitute a waiver of any defenses or affirmative defenses that Defendant or its successors may be entitled to assert in any future litigation, including the applicable statute of limitations.

**10.3     Invalidity on Modification or Disapproval.**  In the event any court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, or holds that it will not enter or give effect to the Final Judgment without material modification, or holds that the entry of the Final Judgment or any material part thereof should be overturned or modified in any material way, then:

> (A) If all Parties do not agree jointly to appeal such ruling, this Settlement Agreement will become null and void, and this Action will continue, and the Parties stipulate to joint motions (i) that any and all orders entered pursuant to this Settlement Agreement be vacated, and (ii) that any and all dismissals pursuant to this Agreement will be vacated; or

> (B) if the Parties do agree to jointly appeal such ruling and if the Final Judgment or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, this Settlement Agreement will become null and void, and this Action will continue, and the Parties stipulate to joint motions (i) that any and all orders entered pursuant to this Agreement be vacated, including, without limitation, any order modifying the class certification order or permitting amendment of the complaint to conform the complaint to the class definition set out in section 3.1, and (ii) that any and all dismissals pursuant to this Agreement will be vacated.

**10.4     Amendment.**  This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

**10.5    Taxes.**  Claimants, the Class Representative, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

**10.6    Representation of Opt-Outs.**  Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Based upon unique circumstances here, Class Counsel agrees that Settlement Class Members who seek to opt-out should be represented by counsel who do not agree that the Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Accordingly, Class Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against Defendant.

## 11.    Representations and Warranties

**11.1    No Additional Persons with Financial Interest.**  The Class Representative and Class Counsel represent and warrant that the term "Class Counsel" as defined in section 1.8 hereof includes all persons (natural or legal) having any interest in any award of attorneys' fees or costs in connection with the Actions.

**11.2    Parties Authorized to Enter into Settlement Agreement.**  The Class Representative and LNSSI represent and warrant that he, she, or it is fully authorized to enter into this Settlement Agreement and to carry out the obligations provided for herein.  Each person executing this Settlement Agreement on behalf of a Party covenants, warrants and represents that he is and has been fully authorized to do so by such Party.  Each Party hereto further represents and warrants that he, she, or it intends to be bound fully by the terms of this Settlement Agreement.

**11.3    No Attempt by Parties to Object.**  The Class Representative, Class Counsel and LNSSI each represent and warrant that they have not made, nor will they make, any attempt to (a) void this Settlement Agreement in any way, or (b) solicit, encourage, or assist in any fashion any effort by any person (natural or legal) to object to the settlement under this Settlement Agreement.

**11.4    Signatures.**  The Parties and their counsel may sign separate copies of this Settlement Agreement, which together will constitute one agreement.  Each person executing this Settlement Agreement warrants that such person has the full authority to do so.  In addition, signature by facsimile will constitute sufficient execution of this Settlement Agreement.

**11.5    Best Efforts.**  The Parties agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims.  Class Counsel and LNSSI consider the settlement effected by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court, including amendment of the complaint to incorporate the definitions of the Settlement Class, if necessary, and in responding to any objectors, intervenors or other persons or entities seeking to preclude the Final Approval of this Settlement Agreement.  This obligation is subject to LNSSI's rights to terminate the Settlement Agreement as provided herein.

**11.6    Time Periods.**  The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Counsel.

**11.7    Governing Law.**  Except where otherwise provided for herein, this Settlement Agreement is intended to and shall be governed by the laws of the Commonwealth of Pennsylvania.

**11.8**   **No Construction Against Drafter.**  This Settlement Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement Agreement.

**11.9**   **Agreement Binding on Successors in Interest.**  This Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Named Plaintiff:**

_John W. Diddiens_

John Giddiens

**Counsel for Named Plaintiff and
Settlement Class:**

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Sharon M. Dietrich
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA  19102

**Named Plaintiff:**

_____

John Giddiens

**Counsel for Named Plaintiff and
Settlement Class:**

_____

James A. Francis
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

_____

Sharon M. Dietrich
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA  19102

**Defendant**

First Advantage LNS Screening Solutions, Inc.
f/k/a LexisNexis Screening Solutions, Inc.

Name:   Bret T. Jardine

Title:   General Counsel

**Counsel for Defendant** First Advantage LNS
Screening Solutions, Inc. f/k/a LexisNexis
Screening Solutions, Inc.:

Michael B. Miller
Morrison & Foerster LLP
250 West 55th Street
New York, NY  10019-9601

30

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| **JOHN GIDDIENS,**<br>**on behalf of himself and all others**<br>**similarly situated** )<br> )<br> ) | **CLASS ACTION** |
| )<br>**Plaintiff,** )<br>**v.** )<br> ) | **C.A. No.  12-2624** |
| **FIRST ADVANTAGE LNS SCREENING**<br>**SOLUTIONS, INC. F/KA LEXISNEXIS**<br>**SCREENING SOLUTIONS, INC.** )<br> )<br> )<br> ) | |
| **Defendant.** )<br> ) | |

---

**ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND DIRECTING NOTICE TO CLASS**

The Court, having reviewed the Settlement Agreement[1] entered into by the parties,

including its exhibits, hereby Orders that upon the stipulation of the parties, the Court

provisionally certifies a class for settlement purposes only (the "Settlement Class"), pursuant to

Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

> All persons residing in the United States of America (including its territories and
> Puerto Rico) (a) who were the subject of a LexisNexis employment background
> screening report that was furnished for an employment purpose within two years
> preceding the filing of this Action and during its pendency (b) that contained at
> least one record of criminal history that had been expunged or sealed prior to the
> date of the employment background screening report, as a result of data from the
> LifeCycle File developed by the Administrative Office of Pennsylvania Courts not
> being taken into account in connection with the preparation of the employment
> background screening report so provided.

1.     The Settlement Agreement entered into between the parties as of July 9, 2014,

appears, upon preliminary review, to be fair, reasonable, and adequate as to all members of the

Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and

---

[1]      Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in
the Settlement Agreement.

directs the Parties to proceed with said settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto. Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as provided for herein.

2.    The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

(a)  there are hundreds of members of the Settlement Class;

(b)  the claims of the Class Representative are typical of those of the other members of the Settlement Class;

(c)  there are questions of fact and law that are common to all members of the Settlement Class; and

(d)  the Class Representative will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the Settlement Class.

3.    The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

4.    Pursuant to Fed. R. Civ. P. 23, Plaintiff John Giddiens is approved as the Class Representative of the Settlement Class, and finds that, for settlement purposes only, Class Representative has and will fairly and adequately protect the interests of the Settlement Class. This Court approves James A. Francis, David A. Searles, John Soumilas, and Lauren KW Brennan of Francis & Mailman, P.C., and Sharon M. Dietrich and Brendan Patrick Lynch of

Community Legal Services, Inc. as counsel for the Settlement Class ("Settlement Class Counsel"), and finds that, for settlement purposes only, Class Counsel has and will fairly and adequately protect the interests of the Settlement Class. .

5.      Defendant First Advantage LNS Screening Solutions, Inc. f/k/a LexisNexis Screening Solutions, Inc. ("Defendant") is hereby authorized to retain McGladrey LLP as Settlement Administrator to administer the Settlement, notice, and opt-out procedures, as set forth in the Settlement Agreement, and McGladrey LLP is hereby appointed as the Settlement Administrator pursuant to the terms of the Settlement Agreement.

6.      The Court will hold a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2014 in Courtroom _____ of the United States District Court for the Eastern District of Pennsylvania, at _____, _.m. for the following purposes:

(a)      To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

(b)      To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(c)      To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(d)      To consider the application of Class Settlement Counsel for an award of attorney's fees and expenses, and for an individual settlement and service award to the Class Representative; and

(e)      To rule upon other such matters as the Court may deem appropriate.

7.      (a)      Within ten (10) business days of the entry of this Order, Defendant shall provide the Settlement Administrator with a class list.

(b)     Within thirty (30) days of entry of this Order, the Settlement Administrator shall send the Settlement Class Notice attached as Exhibit C to the Settlement Agreement via U.S. Mail, first class, to each Settlement Class member's address in Defendant's file, as provided for in the Settlement Agreement and as updated through use of the Accurint ® database, all as provided for in the Settlement Agreement, and the Parties, by agreement, may revise the Settlement Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

(c)     Within ten (10) days of the entry of this Order, the Settlement Administrator shall establish the Settlement Website as provided for in the Settlement Agreement.

8.     The Court finds this manner of giving notice and the proposed Settlement Class Notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, provides individual notice to all members of the Settlement Class who can be identified through reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto.

9.     The costs of printing and mailing the Mail Notices and administering the settlement shall be paid by Defendant in accordance with the Settlement Agreement.

10.     The Settlement Administrator shall file, no later than fifteen (15) days before the Final Fairness Hearing, proof of mailing of the Settlement Class Notice.

11.     Any Settlement Class Member who does not file an objection to the settlement shall have the right to opt out of the Settlement Class.  If a Settlement Class Member chooses to Opt-Out of the Settlement Class, such class member is required to submit an opt-out request to the Settlement Administrator, post-marked on or before the date specified in the Settlement Class

Notice, which shall be no later than forty-five (45) days before the date of the Final Fairness Hearing date specified in the Settlement Class Notice.  Any request to opt out of the Settlement Class must be in writing and must include the name, address, and telephone number of the person seeking to opt out and a statement that the person wishes to opt out of such release.  The opt-out request must be personally signed by the Settlement Class Member who seeks to opt out; no Settlement Class Member may opt out by having a request to opt out submitted by an actual or purported agent or attorney acting on behalf of the Settlement Class Member.  No opt-out request may be made on behalf of a group of Settlement Class Members.  A class member who submits an opt-out request using the procedure identified above shall be excluded from the Settlement Class for any and all purposes, and shall not receive any payment in connection with the settlement or the Settlement Agreement. Such person will be deemed to have waived any and all rights or benefits under the Settlement Agreement, and will not have standing to object to the Settlement Agreement or seek to intervene in this Action.  No later than ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely opted out of the Settlement Class, as compiled by the Settlement Administrator. At that time, Class Counsel shall also supply its determinations as to whether any request to Opt Out of the Settlement Class was not submitted timely, and provide written notification to any Settlement Class Member whose request to Opt Out of the Settlement Class was not submitted on a timely basis.  The Parties and the Settlement Administrator shall use such opt-out information only for purposes of determining and/or establishing whether a person has timely and properly opted out of the Settlement Class.

12.     A Settlement Class Member who does not file a timely opt-out request shall be bound by the Settlement Agreement and all subsequent proceedings, orders, and judgments in

the Action. Prior to the date of the Final Approval Order, the Court may permit a Settlement Class Member who has filed a timely opt-out request to withdraw such request and to participate in the Settlement Class and the Settlement Agreement as if such request had never been made.

13.     The Parties estimate that there are approximately 289 Settlement Class Members. The Class Representative or Class Counsel may terminate this Settlement Agreement and declare it null and void ab initio if the size of the Settlement Class becomes materially larger than 300 individuals.  If five percent (5%) or more of the Settlement Class Members opt out of participation in the Settlement Agreement, then Defendant shall have the option to rescind the Settlement Agreement, in which case all of Defendant's obligations under the Settlement Agreement shall cease to be of any force and effect, and the Settlement Agreement shall be rescinded, cancelled, and annulled.  If Defendant exercises this option, then the Parties shall return to their respective positions in the manner and effect as set forth in section 3.2 of the Settlement Agreement.

14.     As provided in the Settlement Class Notice, each Settlement Class Member shall have the right to object to the settlement by filing a notice of intent to object with the Clerk of the Court not later than forty-five (45) days before the Final Fairness Hearing specified in the Settlement Class Notice.  Any such objection must comply with  all  applicable  Pennsylvania and  federal  laws  and  rules and the Settlement Agreement, and be sent to  Settlement Class Counsel and Defendant's Counsel by first-class mail, postmarked no later than forty-five (45) days  before  the  Final  Fairness  Hearing  specified  in  the  Settlement  Class  Notice.   Any Settlement Class Member who does not provide a written objection in the manner provided in the Settlement Agreement and this Order shall be deemed to have waived any objection and

shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement contemplated by the Settlement Agreement.

(a)     The right to object must be exercised individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

(b)     The objection must contain: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

(c)     If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth above, the identity of the Settlement Class Member represented by objector's counsel.  No objection may be made on behalf of a group of Settlement Class Members.

(d)     All objectors must make themselves available for deposition by Counsel for the Parties between the time the objection is filed and the Final Fairness Hearing. The objection must include dates when the objector is available for this deposition.

15.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorney's fees and expenses shall be filed not later than ten (10) days before the Final Fairness Hearing.

16.     To the extent that the class lists produced by Defendant constitute one or more consumer reports under the FCRA, the Court hereby orders Defendant to produce that information, pursuant to 15 U.S.C. § 1681b(a)(1).

17.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

18.     All further proceedings in the Action (including, but not limited to, any existing discovery obligations) are ordered stayed until Final Approval or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Approval.

19.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the Claims, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement Agreement, this Order and/or the Final Judgment and Order of Dismissal.

20.     If for any reason the Settlement Agreement terminates before Final  Approval, then the certification of the Settlement Class shall be deemed vacated and the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues.  In that event, the Parties shall return to the status quo ante in the Action, without prejudice to the right of Defendant to assert any right or position that

it could have asserted if this Settlement Agreement had never been reached or proposed to the Court.

21.    All Settlement Class Members, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claim, as defined in Section 4 of the Settlement Agreement, (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum until Final Settlement Approval or termination of the Settlement Agreement, whichever occurs earlier; provided, that this stay and injunction shall not apply to individual claims of any member of the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court.  This stay and injunction is necessary to protect and effectuate the Settlement Agreement, and the settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Final Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

**BY THE COURT:**


Date: _____                    _____
                                         LEGROME D. DAVIS, U.S.D.C.

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN GIDDIENS,** | ) | |
| **on behalf of himself and all others** | ) | |
| **similarly situated** | ) | **CLASS ACTION** |
| | ) | |
| **Plaintiff,** | ) | **C.A. No.  12-2624** |
| **v.** | ) | |
| | ) | |
| **FIRST ADVANTAGE LNS SCREENING** | ) | |
| **SOLUTIONS, INC. F/KA LEXISNEXIS** | ) | |
| **SCREENING SOLUTIONS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## [PROPOSED] FINAL JUDGMENT CERTIFYING SETTLEMENT CLASS APPROVING CLASS SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

Upon review and consideration of the terms and conditions of the Settlement Agreement filed with this Court on July 9, 2014, between and among the Class Representative and the Settlement Class, by and through the Class Representative and Class Counsel, and the Defendant First Advantage LNS Screening Solutions, Inc., f/k/a LexisNexis Screening Solutions, Inc. ("Defendant"), by and through its authorized signatory;

Due and adequate notice having been given to members of the Settlement Class, as required in the Preliminary Approval Order, and following such notice, a hearing having been held before this Court on _____, 2014 (the "Fairness Hearing") to  determine the matters contemplated herein;

Upon consideration of all prior proceedings in the Action; and

Upon consideration of Plaintiff's Motion for Final Approval of Class Settlement Agreement, and all memoranda, affidavits, and other papers and arguments submitted with respect thereto,

The Court finds that:

1.   The Settlement Class is defined as follows:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis employment background screening report that was furnished for an employment purpose within two years preceding the filing of this Action and during its pendency (b) that contained at least one record of criminal history that had been expunged or sealed prior to the date of the employment background screening report, as a result of data from the LifeCycle File developed by the Administrative Office of Pennsylvania Courts not being taken into account in connection with the preparation of the employment background screening report so provided.

2.   The Settlement Class contains approximately 300 members, and is sufficiently numerous that joinder of all members would be impracticable.

3.   There are issues of law and fact common to the Settlement Class.

4.   The claims of the Class Representative are typical of those of the Settlement Class.

5.   Plaintiff and Class Counsel have adequately represented the Class. The Class Representative has no conflicts with members of the Settlement Class and has participated in this action through production of documents and appearance at deposition.

6.   The Settlement Class meets the requirements of Fed. R. Civ. P. 23(a).

7.   Common questions of law and fact predominate with respect to the members of the Settlement Class.

8.   A class action is a superior method for resolving the claims of the Class.  This is the proper forum for the maintenance of this class action.  Due to the settlement, there will be no issues of manageability.

9.   The Settlement Class meets the requirements of Fed. R. Civ. P. 23(b)(3).

10.     The settlement is entitled to a presumption of fairness because: (a) the negotiations were conducted at arm's length; (b) there was substantial discovery, including review of records and documents from Defendant, and extensive depositions of Defendant personnel; and (c) Class Counsel are experienced in this type of litigation.

11.     The proposed settlement is fair, reasonable and adequate.

12.     Notice of the pendency of this Action as a class action, of the proposed Settlement, and of the request for certification of the Settlement Class was given to all persons reasonably identifiable as Class Members, as shown by the records of Defendant, at the respective addresses set forth in Defendant's records, as updated as provided for in the Settlement Agreement.  The Court finds that the form, content, and method of dissemination of the notice given to the Class Members were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The notice, as given, provided valid, due, and sufficient notice of these proceedings, of the proposed Settlement, and of the terms and conditions set forth in the Settlement Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.

13.     The Defendant has timely filed notifications of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-1715.  These notifications apprised the appropriate officials that, in connection with the approval of this settlement, Defendant would seek certification from this Court that their respective notifications complied with any applicable CAFA requirements.  The Court has reviewed such

notifications and accompanying materials and finds that Defendant's notifications comply fully with any applicable requirements of CAFA.

**IT IS THEREFORE ORDERED AND DECREED THAT A FINAL JUDGMENT BE ENTERED AS FOLLOWS:**

A.      This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the Settlement Class.

B.      The above-defined Settlement Class meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and is finally certified.  The Court hereby approves the Settlement Agreement and the payments and processes thereto as fair and adequate, and the Settlement Administrator is directed to administer the Settlement Agreement in accordance with its terms and conditions.

C.      James A. Francis, David A. Searles, John Soumilas, and Lauren KW Brennan of Francis & Mailman, P.C., and Sharon M. Dietrich and Brendan Patrick Lynch of Community Legal Services, Inc., are appointed as Class Counsel.

D.      The Class Settlement in this action is approved as being a fair, reasonable, and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and shall be consummated in accordance with its terms. Objections timely filed with the Court are overruled and denied.

E.      Subject only to the provisions of Paragraph J below, the Action is hereby dismissed with prejudice, without costs, except as expressly provided in the Settlement Agreement.

F.      Subject only to the provisions of Paragraph J below, by operation of this judgment, all Settlement Class Members who have not timely and properly opted out are deemed

to have absolutely and unconditionally released and forever discharged the Released Parties from all claims, as set forth in the Settlement Agreement, and are forever barred and enjoined from commencing, instituting, or maintaining any such claims against the Released Parties in any action in this or any other forum.  Nothing contained in the Settlement Agreement releases or affects in any way the individual claims or the claims asserted on behalf of the class against Infinity Staffing Solutions and Lyneer Staffing Solutions in the case of *Giddiens v. Infinity Staffing Solutions*, C.A. No. 13-7115 (E.D. Pa.).  All Settlement Class Members who have not timely and properly opted out are further deemed to have waived the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws.

G.    This Final Judgment shall not and does not apply to bind those individuals who have timely excluded themselves from the Settlement Class. The Settlement Administrator shall file with the Clerk of the Court a record of class members who timely excluded themselves from the Settlement Class and shall, upon the request of either Party, confirm whether any given individual is on the list of exclusions.  In all other respects, the list of opt-outs shall be treated with the same confidentiality as the Class List.

H.    Upon consideration of Class Counsel's application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

I.    Upon consideration of the application for an individual settlement and service award, the Class Representative, John Giddiens is awarded the sum of ten thousand dollars ($10,000.00) in consideration of his individual claims against the Defendant and for the valuable service he has performed for and on behalf of the Settlement Class.

J.      The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance or administration of the Settlement Agreement, or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the notice, this Final Judgment, or the Settlement Agreement.

K.      In the event that the Settlement Agreement is terminated in accordance with its terms or with the terms of any other agreement between the Parties, or this Final Judgment is reversed on appeal or otherwise does not become Final, (i) this Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*; and, (iii) the Action shall proceed as provided in the Settlement Agreement.

L.      Neither the Settlement Agreement, the settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect; or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement Agreement or of this Final Judgment. In addition, neither certification of the Settlement Class for settlement purposes only, nor any other act relating to the negotiation, execution, or implementation of the Settlement Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Settlement Agreement terminates or the Effective Date does not occur.

**BY THE COURT:**

Date:

_____
LEGROME D. DAVIS, U.S.D.C.

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GIDDIENS,<br>on behalf of himself and all others<br>similarly situated<br><br>                    Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE LNS<br>SCREENING SOLUTIONS, INC.<br>F/K/A LEXISNEXIS SCREENING<br>SOLUTIONS, INC.<br>                    Defendant. | **Case No. 12-cv-02624-LDD**<br><br>**CLASS ACTION** |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**YOU ARE RECEIVING THIS NOTICE BECAUSE FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., F/K/A LEXISNEXIS SCREENING SOLUTIONS INC. SOLD A BACKGROUND CHECK ABOUT YOU FOR AN EMPLOYMENT PURPOSE THAT INCLUDED AT LEAST ONE RECORD OF CRIMINAL HISTORY THAT HAD BEEN EXPUNGED PRIOR TO THE DATE OF THE BACKGROUND SCREENING REPORT.**

**YOU MAY BE ENTITLED TO BENEFITS FROM A
PROPOSED CLASS ACTION SETTLEMENT**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

A settlement has been proposed in a class action lawsuit against First Advantage LNS Screening Solutions, Inc., f/k/a LexisNexis Screening Solutions Inc. ("Defendant") alleging that Defendant provided current or prospective employers background screening reports that included items of criminal history that had been expunged prior to the date the report was prepared. These expunged items were included in the reports because Defendant allegedly did not take account of a file of expunged cases provided to it by the Administrative Office of Pennsylvania Courts. If this notice is addressed to you, Defendant's records show that you may have been affected by such a background screening report because Defendant sold a background check about you to [EMPLOYER] on [DATE].

Your legal rights are affected whether or not you respond. **Your rights and options – and the deadlines to exercise them – are explained in this notice. *Read this notice carefully*.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: | |
|---|---|
| **DO NOTHING AND RECEIVE $1,000** | If you do nothing, and the Court finally approves the settlement, you will receive an automatic payment of $1,000 in the mail without any further action from you. You will give up any rights to sue Defendant separately about the claims governed by the settlement and release. |
| **MAKE A CLAIM FOR LOST WAGES** | You can submit a claim for Lost Wages pursuant to the simplified claims procedure provided through this settlement instead of receiving an automatic payment of $1,000.  If you choose to make such a claim, you will be eligible to receive as compensation Lost Wages that you can prove that you incurred as a result of the conduct that qualifies you as a Class Member, or $500, whichever is greater.  The Defendant may accept your claim, settle the claim with you, or go to a simplified arbitration with you. |
| **ASK TO BE EXCLUDED** | If you ask to be excluded from this lawsuit, you get nothing through this settlement and you won't share in the money made available through the settlement.  But, you keep any rights you may have to sue Defendant separately about the same claims in this lawsuit that you otherwise would have had. |
| **OBJECT** | If you don't ask to be excluded, you can write to the Court about why you don't think the proposed settlement is fair, reasonable and adequate. |
| **GO TO A HEARING** | If you don't ask to be excluded, you can ask to speak in Court about the fairness of the settlement if you object. |

- Your options are explained in this Notice.  To ask to be excluded, you must act before [ ], 2014.

- The Court still must decide whether to approve the proposed settlement.  Benefits may only be provided if the Court approves the settlement and after appeals are resolved.  Please be patient.

- *The proposed settlement affects your legal rights whether or not you act*.  This Notice explains the lawsuits, the proposed settlement, and your legal rights.  A more detailed and complete description of the settlement is included in the Settlement Agreement, a copy of which is posted on the website listed below at Question 20.

- **Any questions?  Read on or call 1-800-[   ].**

## BASIC INFORMATION

**1.      WHY DID I GET THIS NOTICE?**

The Court authorized this Notice because you have a right to know about a proposed settlement of this lawsuit, and about all of your options before the Court decides whether to give "final approval" to the settlement.  Judge Legrome D. Davis of the United States District Court for the Eastern District of Pennsylvania is overseeing this lawsuit.  The lawsuit is known as *Giddiens v. First Advantage LNS Screening Solutions, Inc., f/k/a LexisNexis Screening Solutions Inc.*, No. 12-CV-02624-LDD.

The lawsuit claims that the Defendant sold consumer background reports to businesses so they could make decisions to help them make employment decisions.   The suit alleges that Defendant violated a law called the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, by including in the consumer report (background check) that was sold about you at least one record of criminal history that had been expunged prior to the date of the employment background screening report, as a result of data from the LifeCycle File developed by the Administrative Office of Pennsylvania Courts in connection with the preparation of that employment background screening report.  Additional information about the FCRA can be found at the website of the U.S. Federal Trade Commission, www.ftc.gov.

In a class action, one or more people called Class Representatives (in this case John Giddiens) sue on behalf of people (like you) who have similar claims.  All these people are a Class or Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  The Court has given preliminary approval to the proposed settlement.

Defendant denies all allegations of wrongdoing and contends that it fully complied with the law.  It is entering into this proposed Settlement to avoid burdensome and costly litigation.

**2.      WHY IS THERE A PROPOSED SETTLEMENT?**

The Court did not decide in favor of Class Representative or Defendant.  Instead, both sides agreed to a proposed settlement.  Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to Class Members.  The Class Representative and the attorneys think the proposed settlement is best for all Class Members.  The Court in charge of this lawsuit has granted preliminary approval of this proposed settlement, and ordered this notice be mailed to explain it.

### WHO IS AFFECTED BY THE PROPOSED SETTLEMENT?

**3.      HOW DO I KNOW IF I AM AFFECTED BY THE PROPOSED SETTLEMENT?**

Judge Davis decided that everyone who fits this description is a member of the Class:

- All individuals who were the subject of an employment background screening report that was furnished by Defendant for an employment purpose within two years preceding the filing of this Action and during its pendency

- that contained at least one record of criminal history that had been expunged prior to the date of the employment background screening report,

- as a result of data from the LifeCycle File developed by the Administrative Office of Pennsylvania Courts not being taken into account in connection with the preparation of the employment background screening report so provided.

The Defendant has determined from its records that you are a member of the Class.  Defendant sold a background report about you to [EMPLOYER] on [DATE].

## THE SETTLEMENT BENEFITS—WHAT DO YOU GET?

| **4.** | **WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?** |
|---|---|

The proposed settlement provides you with a choice between two types of benefits so long as you do not affirmatively exclude yourself from the Class.

*First*, so long as you do not exclude yourself from the Class, you will receive a check for $1,000.  This is referred to as the Automatic Payment.

*Second*, so long as you do not exclude yourself from the Class, you can choose to file a Claim Form instead of choosing to receive the Automatic Payment.  You cannot receive both.  A copy of the Claim Form is included with this Notice.

The Claim Form requires you to certify to the best of your knowledge, information, and belief, and under penalty of perjury, that you lost an employment opportunity as a direct result of the conduct that qualifies you as a member of the Class, and that as a result of that lost employment opportunity, you lost wages.  The Claims Process will permit you to recover lost wages only, and not any amount other than lost wages, such as for emotional distress, punitive damages, future damages, lost benefits or other employment rights, consequential damages or any other category of damages.  The lost wages that you can seek are called "Recoverable Damages."  You must also prove that you reasonably tried to obtain other employment, and that you did not in fact obtain other employment that paid you wages the same or more than you would have been paid in the lost employment opportunity, or at least that you were unemployed for some period until you obtained employment.

If you make a claim for Recoverable Damages, but do not carry your burden of proving that you suffered at least $500 of Recoverable Damages, Defendant has agreed to pay you at least $500.  But you will still not receive the automatic payment of $1,000.  On the other hand, if you prove more than $1,000 in lost wages, you will receive more than $1,000.

The Settlement Agreement provides for a streamlined claims process to resolve any disputed claims.  If the proposed settlement is approved, Defendant will pay valid claims so long as the total amount of such claims in the aggregate does not exceed $995,000.  If the total amount of such claims does exceed $995,000, then the recovery of everyone who proves they incurred Recoverable Damages pursuant to the streamlined arbitration process will be reduced proportionally so that the total amount paid will equal $995,000.

The Settlement Agreement also provides that Class Counsel will request an individual settlement and service award for the Class Representative in the amount of $10,000, subject to approval of the Court, and that Defendant will not object to a request in that amount.

A more detailed and complete description of the proposed Settlement is included in the Settlement Agreement, a copy of which is posted on the website listed below at Question 20.

| **5.** | **HOW CAN I FILE A CLAIM FOR "RECOVERABLE DAMAGES"?** |
|---|---|

To make a claim for Recoverable Damages, you must complete the enclosed Claim Form.  You must return the Claim Form **no later than [DATE].  Late claims will not be honored.**

The Defendant may decide not to dispute your claim for Recoverable Damages.  The Settlement Administrator will send you a letter if Defendant disputes any part of your claim for Recoverable Damages.  The letter may contain an offer from Defendant to pay you something less than the total amount you claim on your Claim Form.  If you accept Defendant's offer, you

will be entitled to receive that agreed upon amount when payment is made to the Class. If you do not accept Defendant's offer, you may ask that a neutral arbitrator decide whether you should receive any claimed amounts that the Defendant has refused to pay. The letter sent by the Settlement Administrator telling you about the dispute will contain more information about the claim settlement and arbitration processes.

**6.      WHEN WILL I GET PAID?**

The Court will hold a hearing on [DATE] to decide whether to approve the proposed settlement. If the Court approves the proposed settlement, there may be appeals. The amount of time required to resolve these appeals is uncertain, but can be more than a year. Please be patient.

**HOW WILL MY LEGAL RIGHTS BE LIMITED BY THE PROPOSED SETTLEMENT?**

**7.      IF THE PROPOSED SETTLEMENT IS APPROVED, YOU WILL LOSE ANY RIGHT TO OBTAIN FURTHER INJUNCTIVE OR EQUITABLE RELIEF FROM DEFENDANTS.**

The proposed settlement does not give you the option of participating in the settlement while at the same time preserving any right you may have to seek other or additional relief against the Defendant. If the proposed settlement is approved, your right to seek further or different relief against the Defendant will be eliminated, as described below.

**Release of Claims**

Upon Final Approval, Class Representative, each Settlement Class Member who has not opted out of this release of claims in accordance with the terms of this Settlement Agreement, and each of their respective, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for any type of relief and statutory or punitive damages predicated on claims and for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on any federal, state, or local law, statute, regulation, or common law, including all claims for declaratory or injunctive relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Class Representative or any Settlement Class Member ever had, now has or may have in the future resulting from, arising out of or in any way, directly or indirectly, connected with (a) any act, omission, event, incident, matter, dispute, or injury arising from the reporting by Defendant of any criminal record history that had been expunged at the time Defendant provided an employment screening report to one of its customers; (b) any acts or omissions that were raised or could have been raised in this Action by any Settlement Class Member, or the report prepared by Defendant that qualifies the Class Member as a member of the Settlement Class; and (c) any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of said events specified in (a) or (b) above.

**EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

**8.      IF THE PROPOSED SETTLEMENT IS APPROVED, YOU WILL LOSE ANY RIGHT TO OBTAIN MONEY FROM DEFENDANTS UNLESS YOU EITHER TIMELY FILE A CLAIM OR TIMELY EXCLUDE YOURSELF FROM THE PROPOSED RELEASE OF LEGAL CLAIMS.**

If you do not want to claim any benefits from the proposed settlement and instead want to keep the right to sue or continue to sue Defendant in Court for money outside the Claims Process, you

must exclude yourself from the settlement, as described below.  This is sometimes referred to as "opting out."

**You must not exclude yourself or "opt out" of the settlement if you are filing a Claim for Recoverable Damages, as described above.**

| | |
|---|---|
| **9.** | **HOW DO I EXCLUDE MYSELF FROM THE PROPOSED SETTLEMENT?** |

To exclude yourself from participating in the settlement and releasing your claims against Defendant, you must send a letter by mail saying that you wish to do so.  Be sure to include: (a) the name of this lawsuit, *Giddiens v. First Advantage LNS Screening Solutions, Inc., f/k/a LexisNexis Screening Solutions Inc.*, No. 12-CV-02624-LDD; (b) your full name and current address; (c) a statement of intention to exclude yourself from the proposed release of legal claims; and (d) your signature.  You must mail your exclusion request so that it is received at the post office box noted below **no later than [Date]:**

> *Giddiens* Litigation
> Settlement Administrator
> [Address to be Added]

**REQUESTS FOR EXCLUSION THAT ARE NOT RECEIVED ON OR BEFORE [DATE] WILL NOT BE HONORED.**

You can't exclude yourself by telephone or by email.  You also can't exclude yourself by mailing a request to any other location or after the deadline.  The letter must be signed by you.  You can't exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Settlement Class Members sign the letter.

| | |
|---|---|
| **10.** | **IF I DON'T EXCLUDE MYSELF, CAN I SUE DEFENDANT FOR THE SAME THING LATER?** |

No.  If you don't exclude yourself and the proposed settlement is approved, you will be unable to sue Defendant.  Unless you exclude yourself, you give up the right to sue Defendant for damages or other relief arising from the claims that this proposed settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Class to bring or continue your own lawsuit.  Remember, **the exclusion deadline is [Date.]**.

### THE LAWYERS REPRESENTING YOU

| | |
|---|---|
| **11.** | **DO I HAVE A LAWYER IN THE CASE?** |

The Class Representative retained the following firms to represent him: Francis & Mailman, P.C. and Community Legal Services, Inc.   In connection with the preliminary approval of the proposed settlement, the Court appointed these firms to represent you and other Class Members.  Together, the lawyers are called Class Counsel.  You will not be charged by these lawyers for their work on the case.   In addition, you may consult with Class Counsel, Community Legal Services, concerning your claim for Recoverable Damages, and Community Legal Services may represent you in the claims process at no charge.   Community Legal Services can be contacted at 215-981-3700; tell the receptionist that you are calling about the expungement class action.  If you want to be represented by your own lawyer, you may hire one

at your own expense.

You do not need to hire your own lawyer because Class Counsel is working for you.  But, if you want your own lawyer, you will have to pay that lawyer.  For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 12.   HOW WILL THE LAWYERS BE PAID?

Separate and apart from the money each Class Member is eligible to receive, Class Counsel will ask the Court for its fees and expenses from pursuing the case for the Class.  Class Counsel will request, and Defendant has agreed not to oppose, a fee of $520,000, which includes all legal fees, costs, and expenses.  You won't have to pay these fees and expenses, and their payment will not reduce the money Class Members will receive.

## OBJECTING TO THE PROPOSED SETTLEMENT

### 13.   HOW DO I TELL THE COURT THAT I DON'T LIKE THE PROPOSED SETTLEMENT?

If you're a Class Member, you can object to the proposed settlement if you don't think any part of the proposed settlement is fair, reasonable or adequate.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter stating that you object to the proposed settlement.  Be sure to include (1) the name of this lawsuit, *Giddiens v. First Advantage LNS Screening Solutions, Inc., f/k/a LexisNexis Screening Solutions Inc.*, No. 12-CV-02624-LDD; (2) your full name, current address and telephone number; (3) the reasons you object to the proposed settlement; and (4) your signature.  Mail the objection to these three different places so that they are received no later than [DATE]:

| CLERK OF COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| United States District Court Eastern District of Pennsylvania 601 Market Street, Second Floor Philadelphia, PA 19106 | James A. Francis Francis & Mailman, P.C. Land Title Building, 19th Floor 100 South Broad Street Philadelphia, PA  19110 | Michael B. Miller Morrison & Foerster LLP 250 West 55th Street New York, NY  10019-9601 |

You also must file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to class and defense counsel.

### 14.   WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you don't like something about the proposed settlement.  You can object to the monetary payments and related releases only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be included in that part of the proposed settlement.  If you exclude yourself, you have no basis to object to the monetary payments and related release because that part of the proposed settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you don't have to.

### 15. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE PROPOSED SETTLEMENT?

The Court will hold a Fairness Hearing on [Date] at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. At this hearing, the Court will consider whether the proposed settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide how much Defendant will be ordered to pay the Class Representative for his individual award and to pay Class Counsel as attorneys' fees and costs. After the hearing, the Court will decide whether to approve the proposed settlement. We do not know how long these decisions will take.

### 16. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 17. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Giddiens* case." You must include your name, address, telephone number and your signature, and your letter must identify the points you wish to speak about at the hearing, enclose copies of any documents you intend to rely on at the hearing, and state whether you intend to have a lawyer speak for you.

Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the addresses contained in section 13 above, and must be received by the Clerk of the Court by [Date]. You also must file a Proof of Service with the Court stating that you mailed or delivered copies of these papers to class and defense counsel. You cannot speak at the hearing as to the portions of the proposed settlement concerning monetary payments and related releases if you have excluded yourself.

## IF YOU DO NOTHING

### 18. WHAT HAPPENS IF I DO NOTHING?

If you do nothing, and the Court approves the settlement, you will receive a check for $1,000 and you will remain bound by the settlement. You won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the issues in this case.

## GETTING MORE INFORMATION

**19.     ARE THERE MORE DETAILS ABOUT THE PROPOSED SETTLEMENT?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the *Giddiens* Litigation Settlement Agreement by following the instructions below.

**20.     HOW DO I GET MORE INFORMATION?**

If you have questions about the case, you can write to the Settlement Administrator at the following address:  Settlement Administrator, [      ]

You can also call 800-[  ], or log on to www.[   ].

## *Please do not contact the Court.*

# EXHIBIT D

## CLAIM FORM

### GIDDIENS V. FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,
### f/k/a LEXISNEXIS SCREENING SOLUTIONS, INC. ("DEFENDANT"),
### UNITED STATES DISTRICT COURT,
### EASTERN DISTRICT OF PENNSYLVANIA
### CASE NO. 12-CV-02624-LDD

**I.      INSTRUCTIONS FOR FILLING OUT THIS CLAIM FORM**

You do not need to fill out this Claim Form if you elect to receive an Automatic Payment of $1,000.  If you choose to receive an Automatic Payment of $1,000, you do not need to do anything.  In addition, do not fill out this Claim Form if you have decided to exclude yourself ("opt-out") from the Class.  If you exclude yourself from the Class, you are not entitled to receive any of the benefits provided to Class Members who are participants in the proposed settlement.

> **Only fill out this Claim Form if you want to make a claim for your "Recoverable Damages" pursuant to the Settlement Agreement.**

> **DO NOT fill out this Claim Form if you want to:**

> - **Receive an Automatic Payment of $1,000 or**
> - **Exclude yourself from the Class**

*Recoverable Damages* are any wages you can prove that you lost because Defendant included criminal record information that had been expunged on a background report about you sold for an employment purpose. Recoverable Damages *do not* include any amount other than lost wages, and *do not* include any amount as damages for emotional distress, punitive damages, future damages, lost benefits or other employment rights, consequential or incidental damages or any other category of damages.  You may only claim your lost wages.

In making such a claim for Recoverable Damages, you must provide information and related documentation sufficient to prove that you in fact lost wages, and that such lost wages relate to the background report that qualified you as a member of the Settlement Class.  Please see the first page of the accompanying "Notice of Proposed Class Action Settlement" for information about the employer to which Defendant sold the background report that qualified you as a member of the Settlement Class.

In addition, you need to provide information and related documentation sufficient to prove that you (a) tried to look for other replacement work after losing the employment opportunity that qualifies you as a Class Member and (b) did not find other work for which you received more in wages than you would have earned had you not lost the employment opportunity that qualifies you as a Class Member (this could include a delay in getting employment).

Note:  **You will be reimbursed only if the settlement described in the accompanying "Notice of Proposed Class Action Settlement" is approved by the Court.  If you properly submit this Claim Form, you will receive another notice with respect to what you must do next.**

**If you wish to consult with an attorney for advice or help with filling out and filing this Claim Form, you may contact Class Counsel, Community Legal Services, Inc. ("CLS") at (215) 981-3700 for assistance.  CLS may be able to represent you in this claims process at no charge.  Tell the receptionist that you are calling about the expungement class action.**

To receive any payment, you must complete Section II(A) and (B) below, and you must sign in Section II(C) below. Please include any supporting documents that you would like to rely on.  If you need more space to provide your responses, please use additional pages and include them with your Claim Form.   You may also include other supporting documents or materials.  You must then mail the Claim Form and any other materials to:

> *Giddiens* Litigation
> Settlement Administrator
> [Address]

To be valid, your properly completed Claim Form must be received at the address above no later than [**DATE**]. **Late claims will not be honored.**

If you comply with the above instructions, you will be contacted and told whether some or all of your Recoverable Damages will be reimbursed, or whether you will need to participate in a further claims process.  For more details about the claims process, please, see section 5 of the Settlement Agreement.  If you have questions about completing this Claim Form, you may contact the Settlement Administrator at (800) 123-4567 or Community Legal Services, Inc. at (215) 981-3700. **Tell the receptionist that you are calling about the expungement class action.**  A more detailed and complete description of the settlement is included in the Settlement Agreement.

**II.   VALID CLAIM FORM INFORMATION & ACKNOWLEDGMENT**

**A.   REQUIRED CLASS MEMBER INFORMATION**

Please print below your full name and current mailing address.

NAME:   _____

STREET/P.O. BOX   _____

APT. NO.   _____

CITY/STATE/ZIP   _____

**B.   REQUIRED CLAIM INFORMATION TO BE PROVIDED BY CLASS MEMBERS**

**(1)**   Please indicate whether the following statements are true or false:

(a)   I lost an employment opportunity because Defendant prepared a background report for employment purposes that contained a record of criminal history that had been expunged before the report was prepared.  As a result of losing that employment opportunity, I lost wages.

True ____   False ____

The name and address of the employer at which I lost this employment opportunity and the approximate date was:

_____
_____.

Why do you believe that you would have gotten the job if not for the expunged case being provided on the background check?

_____
_____
_____
_____

Please provide any additional information on a separate sheet.  Provide any documentation about in the enclosed envelope.

(b)  I looked for alternative employment to replace this lost employment opportunity.

True ____   False ____

I did the following to try to find alternative employment:

_____
_____
_____

_____
_____.

(c)  I was able to find alternative employment.

      True ____   False ____

(d) The alternative employment I found did not provide the same level of wages as I would have received at the employment opportunity I lost,

      True _____   False _____

Please list all alternative employment you were able to find, the date that you started working, and provide the amount of wages you earned in connection with such alternative employment:

_____
_____
_____
_____
_____.

**(2)**   Please list below details of the wages you allege that you lost, based upon what the job that you lost would have paid you.  Please include copies of any supporting documentation in the envelope provided.

| Description of Lost Wages (*e.g.*, "Wages at $9/hr") | Period Over Which You Lost Wages (*e.g.*, "12 weeks at 30 hours/wk" ) | Total Amount Claimed to Have Been Lost |
|---|---|---|
| | | |

**C.**   **REQUIRED CLASS MEMBER ACKNOWLEDGMENT**

I submit this Claim Form under the penalty of perjury and state that the information I provided in this Claim Form is true and accurate to the best of my knowledge, information and belief.

Date:_____          Signed: _____

                                   Print Name: _____